# CHARLESTON.

STATE *ex rel.* V. W. KITTLE v. COUNTY COURT OF RITCHIE COUNTY.

Submitted May 8 ,1919.   Decided May 13, 1919.

1. COUNTIES—*Interest on Funds—Construction of Statute.*
   The provision of sec. 9, ch. 84, Acts, 1915, sec. 55, ch. 39, Code, relating to interest on public funds deposited in county depositories, and saying "All such interest shall be credited to the general county fund by the clerk of the county court and treasurer," includes interest accruing on and arising from the proceeds of sales of bonds issued on behalf of magisterial districts for the purposes of permanent road improvement. (p. 214).

2. SAME—*Road District Bonds—Interest on Deposited Funds—Statute.*
   The provision of sec. 28, ch. 66, Acts, 1917, sec. 29, ch. 43, Barnes' Code, 1918, relating to public roads and saying, "The in-

terest accruing from the deposit of funds derived from the sale of road district bonds in any and all county depositories shall be credited to the district road fund by the sheriff of the county,'' impliedly amends sec. 9, ch. 84, Acts, 1915, sec. 55, ch. 39, Code, and requires interest on the proceeds of district road bonds to be credited to the respective road funds of the districts on behalf of which such bonds have been issued, whether issued and sold before or after such amendment became effective.   (p. 214).

3.  SAME—*Road District Bonds—Interest—Statute.*

Nothing in the nature of the interest arising from the deposited proceeds of such bond sales constitutes ground of a legal presumption of legislative intent to except it from the operation of the terms of the statute, expressly including it.   (p. 214).

4.  SAME—*Road District Bonds—Proceeds—Interest.*

Nor is there any difference between interest arising from proceeds of sales of district road bonds deposited before the amendment became effective, constituting ground of an implied exception from the operation of the plain terms of the amending act. (p. 215).

5.  SAME—*Road District Bonds—Interest—Retroactive Statute.*

So interpreted, the amending act is not retroactive.  It operates only upon interest accruing after it became effective.   (p. 215).

Original mandamus of the State, on the relation of V. W. Kittle, against the County Court of Ritchie County and others.

*Peremptory writ of mandamus awarded.*

*M. F. Matheny*, for relator.

*Thos. J. Davis*, Pros. Atty., and *Jno. T. Simms*, for respondents.

POFFENBARGER. JUDGE:

The relator seeks a writ of mandamus requiring the County Court of Ritchie County to credit to the Road Fund of Clay District of that county the interest accrued and yet to accrue in the county depositories of that county, on the proceeds of a sale of bonds authorized by a popular vote of that district for permanent improvement of some of its public roads.

The bond issue of $240,000.00 was authorized in May, 1916, the bonds issued and sold sometime in that year and the proceeds deposited in certain banks designated as county depositories and required by law to pay interest on the deposits at the rate of three per cent.

All public moneys coming into the hands of the sheriff of any county are required to be kept in the designated and qualified depositories. Being *ex officio* treasurer of the county, the sheriff has the custody of all county and district funds. For the purpose of the depository statute, ch. 84, Acts, 1915,. Code ch. 39, secs. 50 to 60, it defines public moneys as including all money which by law the sheriff in his capacity as such, and as treasurer of the county and districts, is authorized to collect, receive and disburse for public purposes. That the proceeds of sales of bonds are included is not denied.

Sec. 9 of the statute, after having made the depositories liable for interest on all money deposited in them and required them to place it to the credit of the treasurer, provides that "All such interest shall be credited to the general county fund by the clerk of the County Court and treasurer." These terms manifestly include the interest on the proceeds of bonds. Such funds are exceptional in character, but this was as well known to the legislators as to anybody else. Presumptively, there were many such funds in existence at the date of the passage of the act and the interest accruing from them was not accepted. There are instances of implied exception, of course, many of them, but no ground of such exception is perceived here. The Legislature was dealing with the subject of interest on public moneys, and there is no real diffrence between interest arising from the proceeds of bonds and interest accruing on moneys derived from collected taxes, or funds apportioned to counties and districts from the State Treasury. Vast sums go to the county treasuries from the State, annually, for district school purposes, as well as from taxes collected by state authorities from public service corporations. That money is always apportioned before it is

paid over and, when received, it belongs to the respective
funds to which it is apportioned. If the right to the interest
followed the title to the fund on which it accrues, it would
have to be apportioned in these instances, but admittedly it
does not. Bond proceeds cannot be temporarily used, per-
haps, by the sheriff, in payment of warrants, and thus min-
gled with ordinary funds, as state, county and school moneys
may be, but this difference of status has no material bearing
upon the question of legislative intention. Strictly, tech-
nically and in every other sense, the accretions from the de-
positories are items of interest, the subject matter of the sec-
tion under consideration. The legislative purpose was to ob-
tain interest on temporarily idle public funds, without undue
and unnecessary labor and expense. Apportionment of it to
the various funds would entail both. Assignment of it to the
general county funds gives all tax-payers of the county the
benefit of it. The district on behalf of which bonds are issued
has no inherent right to invest or loan the proceeds, while
temporarily idle. In the vesting of the power in the custo-
dian of the fund, the county treasurer, the Legislature had
obvious and undoubted right to appropriate the interest to
such public purpose as it saw fit to devote it to. The sole
inquiry here is what it intended as to the disposition of the
interest. Seeing no ground of implied exception, we are of
the opinion that the Legislature intended just what it has
said.

This provision of the statute was impliedly amended, how-
ever, by sec. 28 of ch. 66 of the Acts of 1917, sec. 29, ch. 43,
Barnes' Code of 1918, saying: "The interest accruing from
the deposit of funds derived from the sale of road district
bonds in any and all county depositories shall be credited to
the district road fund by the sheriff of the county." This
provision falls under the same rule of interpretation. It
means what it says and it is not limited in its operation to
interest accruing on the proceeds of bonds sold after the pas-
sage of the act. Its terms are general and include the in-
terest on the proceeds of bonds previously sold. There

is not a word in it, indicative of purpose to except such interest, nor is there any ground upon which an implied exception can stand. This interpretation does not make the statute retroactive. It gives the district road funds the benefit of the interest on such deposits only from the date on which it took effect.

A writ of mandamus will be awarded, commanding the County Court of Ritchie County and the Sheriff of said county to place to the credit of the Road Fund of Clay District of said county the interest accrued on the proceeds of the sales of bonds heretofore issued on behalf of said district for permanent road improvement, since the 22nd day of May, 1917, and all such interest as may hereafter accrue therefrom.

*Peremptory writ of mandamus awarded.*